

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-1-2002

# USA v. Colon

Precedential or Non-Precedential:

Docket 0-3744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Colon" (2002). *2002 Decisions.* Paper 142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  00-3744

UNITED STATES OF AMERICA,

        Appellee

                              v.

WILLIAM COLON,

        Appellant


On Appeal from the Judgment of Sentence Entered in the
        United States District Court
        for the Eastern District of Pennsylvania
                Crim. No. 98-00587-005
        District Judge: Hon. Anita B. Brody

Submitted Pursuant to Third Circuit LAR 34.1
                February 12, 2002
Before: Mansmann, McKee and Barry, Circuit Judges

(Filed: February 26, 2002)


MEMORANDUM OPINION


McKee, Circuit Judge.

William Colon was convicted of various charges related to his involvement in a cocaine distribution conspiracy, and sentenced to 360 months incarceration.  On appeal he argues that the prosecution considered the race of a perspective juror in exercising two peremptory challenges in violation of Batson v. Kentucky, 476 U.S. 79 (1986); and that the district court improperly enhanced his sentence based upon 68 kilograms of cocaine that were attributed to him in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). For the reasons that follow, we will affirm.

                              I.

As we write only for the parties, a recitation of the facts is not necessary except insofar as is necessary to our brief discussion. Colon argues that the prosecution's use of peremptory challenges to strike two Black venirepersons – Juror no. 22 and Juror no. 41 –

was motivated by the race of those potential jurors, and therefore improper under Batson.

The prosecution explained that it struck Juror No. 22 because he was a social worker, and because he appeared openly hostile to jury service. Colon contends that striking a juror due to his line of work should invite special scrutiny from the courts. He also takes exception with the prosecution's claim that Juror no. 22 was hostile to jury service.

The prosecution explained that it struck Juror no. 41 because she worked for a city councilwoman. Colon argues that the transcript states "indiscernible" for part of the prosecution's explanation and thus it is unclear from the record why working for the particular councilwoman would justify a peremptory strike. He argues that the district court should have inquired into the particular juror's duties, and relationship with the councilwoman, and suggests that the facially neutral explanation for striking both these jurors was merely a pretext for the kind of bias that Batson prohibits.

In Batson, the Supreme Court held that the Equal Protection clause forbids a state from using peremptory strikes to remove jurors from the jury pool solely based upon race. See Batson, 476 U.S. at 89. A defendant seeking to establish a Batson violation must, therefore, establish a discriminatory intent on the part of the prosecutor. See Hernandez v. New York, 500 U.S. 352, 360 (1991), citing Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-65 (1977).

> [T]he defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

Hernandez, 500 U.S. 358-59 (citations omitted); see also Riley v. Taylor, 277 F.3d 261, 275 (3d Cir. 2001) (en banc).

Therefore, once a defendant establishes a prima facie case of a Batson violation, the inquiry "focuses on the facial validity of the prosecutor's explanation." United States v. Casper, 956 F.2d 416, 418 (3d Cir. 1992). "A neutral explanation. . . means an explanation based on something other than the race of the juror." Uwaezhoke, 995 F.2d at

392, quoting Hernandez, 500 U.S. at 360. A prosecutor must provide a "clear and reasonably specific" reason for his/her decision, in order to rebut the defendant's charge of bias. Batson, 476 U.S. at 98 n.20. However, the explanation need not rise to the level of constituting "just cause." Casper, 956 F.2d at 418, citing Batson, 476 U.S. at 97. Rather, a proffered explanation will be deemed race-neutral unless it inherently reveals discriminatory intent. See Casper, 956 F.2d at 418, citing Hernandez, 500 U.S. at 360.

Moreover, inasmuch as litigators will rarely, if ever, reveal direct evidence of discriminatory intent, the trial court's analysis of the prosecutor's explanation will largely rest on an evaluation of the credibility and demeanor of the prosecutor. Since first-hand observations are critical, the trial court is afforded great deference in its findings. See id. at 418, citing Hernandez, 500 U.S. at 364.

Based upon our review of the record here, we can not conclude that the district court's factual determination of the prosecutor's motivation in striking these two jurors was clearly erroneous. During voir dire, Juror no. 22 stated: "I'm a contract DHS, Department of Human Services worker. I work with probably the negative side of this. I have 13 client mothers who are all on the verge of losing their kids because of drugs and alcohol. That's the work I do everyday." Supp. App. at 2. The juror's occupation therefore could certainly suggest a mind set that would cause a prosecutor to exercise a peremptory strike. See e.g. United States v. Smith, 223 F.3d 554, 569 (7th Cir. 2000); United States v. Jones, 195 F.3d 371, 381 (8th Cir. 1999); United States v. Griffin, 194 F.3d 805, 825 (7th Cir. 1999).

Moreover, although Colon takes exception to the prosecutor's explanation that Juror no. 22 was "hostile," the record confirms that the juror did express reservations about jury service and told the court that serving would be a "hardship for me because by law I'm required to see my clients at least so many hours per week." Supp. App. at 3. Accordingly, we find that the district court did not clearly err in accepting the prosecution's explanation for striking Juror no. 22.

The record contains the following explanation for striking Juror no. 41:

[The Prosecutor]:   Your Honor, she was stricken for who she works for a councilwoman who (indiscernible).

The Court:          Okay, what's your response?

[Defense Counsel]:  Your Honor, I don't know Councilwoman Tasbo.  I can't speak to her position on the police specifically at this point.

[The Prosecutor]:   That was the reason.

The Court:          Well, I think that that certainly is (indiscernible).  I have no problem unless you have some reason, the only thing you know about her (indiscernible) Councilwoman Tasbo, then I'd take into (indiscernible).

Supp. App. at 7-8.  Although our inquiry would certainly be facilitated by a more complete transcript of the exchange, we are satisfied that proffered explanation satisfies the requirements of Batson.  It is uncontroverted that the prosecutor exercised the strike because the juror worked for a city councilwoman. Accordingly, we conclude that Colon's Batson challenge is meritless, and we will turn to Colon's claim of an Apprendi violation.

                                    II.
     Colon argues that the quantity of drugs the district court attributed to him was a disputed issue of fact that increased his sentence beyond the maximum term.  Colon contends that under Apprendi, the amount of drugs should therefore have been an issue submitted to a jury and proved beyond a reasonable doubt.  Colon admitted that he was involved in a conspiracy to distribute cocaine, but argues that his involvement lasted approximately eleven months and that he was only responsible for 48 to 49 kilograms of cocaine.  The district court, however, agreed with the findings in the Presentence Investigation Report, and found that Colon's involvement in the conspiracy lasted for 17 months, and that he was therefore responsible for 68 kilograms of cocaine. This increased his base offense level under the Guidelines to 36.  The court then added 3 points for his involvement in a conspiracy with more than five people, and another 2

points for using a firearm.  The court gave Colon a 3 point downward adjustment due to acceptance of responsibility.  The final offense level was therefore 38, with a criminal history category of V.  The resulting sentencing range under the Guidelines was 360 months to life imprisonment.  The statutory maximum was 40 years.  The district court sentenced Colon to 240 months as to Count I followed by 120 months on Count III for a total of 360 months of incarceration.

Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  Apprendi, however, declined to address the applicability of its holding to the Sentencing Guidelines, stating that "[t]he Guidelines are, of course, not before the Court.  We therefore express no view on the subject beyond what this Court has already held."  Apprendi, 530 U.S. at 497.  In United States v. Williams, 235 F.3d 858 (3d Cir. 2000), we squarely addressed that issue.   We held that Apprendi does not apply to sentences under the Guidelines.  See Williams, 235 F.3d at 862.  Colon now asks us to overturn our holding in Williams, or in the alternative distinguish it from his case.  We will not do either.

In Williams, we concluded that the Guidelines merely represent a codification of a judge's traditional discretion to adjust sentences within the prescribed statutory terms.  See Williams, 235 F.3d at 862.  Inasmuch as "application of the Sentencing Guidelines. . . does not implicate a fact that would increase the penalty of a crime beyond the statutory maximum, the teachings of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), are not relevant here."  Id. at 863, quoting United States v. Cepro, 224 F.3d 256, 268 n.5 (3d Cir. 2000).   In light of Williams, Colon's Apprendi argument is meritless. Moreover, the adjustments that the sentencing judge made to the total base level did not result in a sentence that exceeded the statutory maximum.

Colon also argues that the district court impermissibly ordered his sentences for Count I and Count III to run consecutively.  However, the sentencing court's decision to

run sentences consecutively or concurrently is an exercise of discretion, and it does not implicate Apprendi. Colon's sentences did not exceed the statutory maximum, and thus Colon's Apprendi claim must fail.

Accordingly, for all the reasons set forth herein, we will affirm the convictions and judgment of sentence.


TO THE CLERK:
Please file the foregoing memorandum opinion.

BY THE COURT:

_/s/Theodore A. McKee
     Circuit Judge